Good morning, Your Honors. It pleases the Court. Robert Scott on behalf of William Harris. Your Honors, this is a proof-of-loss case. We have litigated this matter a number of different times in a number of different forums for us to try to cite those cases to you. The bottom line, in terms of the criteria, as I saw the California Supreme Court argue the Galanti case, and the first thing Chief Justice George said, well, these provisions can be no less favorable than the mandatory compulsory provisions under the Code. Counsel, do I understand your argument to be that the statute of limitations never began to run on this claim? Yes, Your Honor. And my argument would be that the statute of the three-year statute of any statute of limitations period commences upon the termination of the disability as an objective medical fact, or upon the termination 90 days after the termination of the period upon which the company could be due, could be responsible for benefits due, and that time period would be at the end of the time period. And there's a really good reason. What time period would be at the end of what time period? And that question addresses exactly my next sentence, Your Honor, and there's a really good reason for that, and that is this type of insurance is disability insurance. Think of it as payroll protection. It's exactly what it is. And in this case, the person resubmitted a claim with a new proof of loss saying, hey, not only am I still disabled, but look, social security disability, a standard higher, has found me disabled. I'm submitting another proof of loss. Reconsider. Look again. Now is another time to look because I'm entitled to this benefit as long as or during the time upon which I am disabled through my essentially my entire career. It may sound strange, but this is all due to the nature of the uniform provisions that have been applied from 1950 forward based on the National Association of Insurance Commissioners, uniform provisions that have been adopted in most of the States. Kennedy. Has California ever construed that provision? Not in this exact issue. But they have, as I said in Galanti, a neighboring provision within the compulsory standard saying that no matter what the policy says, we have to read in as a matter of law those words that are in the insurance code because they are mandatory. You cannot vary from it. So if I understand your position, it would be this. I have a prudential policy in year 2000, and I think I've become disabled. And I say to prudential, look, I'm disabled. And they say, nuts, you have no disability whatsoever. That's what they say to me. And they refuse to make any payment. And that's the end of that. Now, it's two thousand and thirty, thirty years later, two thousand and forty, forty years later. I come in and I sue. And I say, statute of limitations hasn't run yet because I've been disabled the whole time. And I'm going to prove that to you, Court. And I don't care if they told me they weren't going to pay. Forty years ago, here I am. Is that okay? It is okay. Okay. Under one circumstance, though, Your Honor. If I can make sure that you and I are communicating effectively in terms of our wording. Okay. And that is on your second bout through here, you did provide a proof of loss. Proof of loss, again, under the mandatory. Well, sure. Forty years later, I submit something and say, listen, I haven't had any, I haven't been getting any disability payments. And Dr. Snisselfrid says that I've been disabled the whole time. And, Your Honor, under the. And that's it. Under our rules. I'm saying, but that is your point. Let's try to get the asymptote. Not only is it my point, it's the majority of jurisdictions. I have cited to you every jurisdiction in the, that I'm familiar with has gone this way. And exactly your point was raised, Your Honor, at the end of the Eighth Circuit decision in 1984, Clark v. Massachusetts Mutual. And the Court said that the policy itself contemplates the proof of loss may be submitted after disability terminates. And at least to some extent difficulty, and to the extent difficulty the insurer may have in investigating a disability that has already ended is part and parcel of the insurance agreement. Was that after the insurer had denied coverage? Did that case involve the situation where the insurer had already denied coverage? It really didn't reach that point, Your Honor, in that case. Isn't that a critical point, though? No. Because during that time, and in our facts, remember in our facts, too, that on the carrier paid, just to remind us, the carrier paid on January 16th of 96, they paid a period of disability from June 7th, 93, to December 14th, 93? And they're paying it in 96? Then the insured says on May of 98, he furnishes further proof of loss and a different later time period, and he says, look, in case you didn't know, Social Security has found me disabled, a standard higher than the standard in this policy. I'm submitting an additional proof of loss because now Social Security has found me disabled. You should look again. That's what our system requires them to do. And that submission was made in 5 of 98, and in February of 99, they again refused to pay, and this case was filed in December 9th of 01. Now, that's not how this system works, and if I could just add one, the reason for it, the reason for the uniform law and the reason for the standard and the majority of jurisdictions, it holds as follows. Who are we really protecting here as a matter of public policy? That's really the question that we all have to tussle with today. Who are we protecting? We're protecting the person who bought and the company who sold, and we know the disparate bargaining positions have been announced in the case law forever in one of our fundamental tenets. We know that in that context, the burden is always going to be on, credential, the burden is always going to be on the insurance company. They themselves, by adopting this language or knowing that it's subject to mandatory provision in our state, they themselves are subject to those rules, and that is the rule. Your Honor. Let's just stick with California instead of talking about the majority of jurisdictions. What's your best case authority from the State of California that says the statute of limitations on a disability claim begins to run when the disability terminates?  Your Honor, I think my best, it would be my statutory authority, which is the insurance code itself and the, and its clear reading. And frankly, in Galante, which I urged on you in opening, which is the fact that the court did themselves. But not the statute of limitations. But this isn't a statute of limitations case, Your Honor. This is a proof of loss case. You can't have a statute of limitations until the insurance company does something. I understand your argument. I understand your argument. And the insurance company doesn't have to do anything until I say to you, hey, here's my proof of loss. In this case, the insurance company did something. It denied the claim. Well, Your Honor, what they did, well, what they did was they paid in January of 1996. They paid for a window of essentially 12 months in 1993. Right. Now, we're talking about something that occurs in 1998. Did the insurance company. So it doesn't, that event, excuse me, Your Honor, I'm sorry. Counsel, did the insurance company or did it not deny the claim? It did deny the claim both times, potentially. Yes. But, Your Honor, again, under the, I believe the majority of jurisdictions and the clear weight of authority, it could have, this gentleman still could make that claim again today. I understand. And I'd like to just reserve my remaining time for rebuttal. Thank you, Your Honor. Douglas May, on behalf of the Prudential Insurance Company of America. May it please the Court, Your Honors. The district court properly determined that Mr. Harris's claims were all time barred since Prudential timely and gave an unconditional denial of Mr. Harris's claims and benefits as of January 1996. Mr. Harris then went on to deny the claims. He waited over five years before he brought his lawsuit against Prudential. There's clearly a four-year statute on the breach of contract claim, a two-year statute on the bad faith claim. We would submit that Mr. Harris acknowledges that his claims are time barred by his attempt to rely upon a rolling statute of limitations. And unfortunately for what we would submit, that he is unable to do that. We believe that this Court in the en banc decision of Wetzel considered that and expressly rejected that. We believe that Wetzel in this instance is both. But Wetzel is an ERISA case. Yes, Your Honor. Yes. It is an ERISA case. However, it is instructive on the two points which we believe are determinative here. First of all, it is instructive as to these statute of limitations. We look at California law for statute of limitations here. That is a four-year statute and a two-year statute. And we would submit a plaintiff as Mr. Harris is outside that statute. And Wetzel is, again, we would say instructive and dispositive on when does the statute accrue. It accrues when benefits are unconditionally denied. We believe the record is clear. That happens. Where does it say anything in the California insurance code about the time running from when the statute is denied, the claim is denied? Your Honor, I believe not the statute that Mr. Harris is relying upon, no. Well, what is the effect of this statute that he is relying on that relates specifically to disability policies? Your Honor, we would submit that we understand the statutory provision that he is citing on. We contend this is not a proof-of-loss case. In other words, in 1996, Prudential did acknowledge that it would pay certain policy benefits for the time period of 1993. The records and evidence had been submitted to Prudential in 1995. They considered that. They agreed in the beginning of 1996 they would pay those policy benefits. And at that point, they terminated the claim and said we will pay no more, period, end of discussion. By that time, the policy had ended, too, had it not? Yes, it had, Your Honor, for failure to pay premium. But they're talking about the old policy when they say that.  But under the old policy, you're finished on date X. Yes. But they did submit some evidence. We considered that. We paid. And in January of 1996, we terminated. The statute started to commence running there. In 1998, more than two years later, counsel for Mr. Harris submitted some further evidence to Prudential and asked Prudential to reconsider its earlier denial. Now, counsel attempts to characterize that as proof of loss, a new submission. It's nothing more than a request for reconsideration of the earlier termination. There's case law, the Singh case that we cite, Singh v. Allstate, California law, which says that the limitations period is not told, statute of limitations is not told when you are reconsidering any claim that is submitted. Two years had already run by the time that claim had, the request for reconsideration had been submitted. Prudential once again said no. Are those trolling cases disability cases or are they other cases? Singh is a disability case, Your Honor. And, in fact, in Singh, there had been no payment. There had been no payment and there was a request for reconsideration. Here, obviously, there had been payment. So we submit that the statute of limitations, four-year statute and two-year statute, commenced running as of the letter sent by Prudential January 11, 1996. It was long expired by the time that Mr. Harris filed this lawsuit. You said Singh was a disability case? I believe that's correct, Your Honor. I thought it was a homeowner's insurance case. Your Honor, I apologize if I've miscited. It may be, but at least one, I apologize, Your Honor. But one critical distinction, though, in that case, here there was payment. I believe in that, in the Singh case, there had been no payment of any benefits or under any policy. But we would submit, Your Honor, still, even though we acknowledge that Wetzel is an ERISA case, that as far as when the statute of limitations does commence running, it is instructive. That's what California law would say as well. There's nothing that we would submit that Mr. Harris has cited to the contrary. This is not a proof-of-loss case. It's a straight statute of limitations issue. That is what the district court had before it. That is what the district court ruled on. I would just briefly raise to the Court, we had also filed a cross-appeal with regard to the district court's initial denial of our motion for summary judgment. I would only mention that, Your Honor, we believe. Counsel, may I ask? Your misciting of Singh, which had Rawlinson brought to your attention rather than me, does that mean that there is, that the answer to my question is no, you have no disability cases? Your Honor, I would guess that the answer to that would be yes. The moment I do not. Yes, you do not. Correct. But I believe Singh is applicable. There would be no reason to read it out of the disability context. I think California is fairly, California is fairly clear. California law is fairly clear as far as when the statute would commence. Do you disagree that in the majority of States the rule seems to be rather bizarre, but that you can wait, as the New York courts say, concededly the construction of the language we embrace here could postpone the commencement of the limitations period indefinitely while the insured remains continuously disabled? Your Honor, I acknowledge that is what the statutes appear to read and how they have been applied in some other States. That's not how it's been ruled in California. We believe that would make no sense. And again, here, there have been, there was a claim made for benefits. Benefits were paid. The claim was terminated. That is why we believe this is different than a proof of loss claim where the carrier is saying, no, you're not disabled, we're not going to pay. Here, clearly, there was a response by the insurance company saying, yes, we're paying certain benefits, and as of a certain time, we are now terminating those benefits. If you agree that in the other States, at least, if you haven't paid, you just denied it all along, it could, under the statute, they could wait and sue whenever they felt like it. It would appear to be that way, Your Honor, in those States. I agree with His Honor that it doesn't appear to make any sense on its face. But again, that is not the situation before this Court on these facts. And California wouldn't do anything silly. Of course not, Your Honor. Far be it from me to suggest it would. And just briefly, as I mentioned, we had filed a cross-appeal with regard to the Court's denial of summary judgment to the extent that the Court, this Court, inclined to reverse in any way the action of the district court. We believe that the evidence before the district court was undisputed and that the – there were no tribal issues of fact with regard to the remaining claims, non-statute limitations claims before the Court. Thank you, Your Honor. Thank you, sir. I'll just take one second, Your Honor. Thank you for the chance. Just the quote in the New York Court of Appeals states, and I quote it on page 14, thus joining the majority of courts in other jurisdictions, we adopt the interpretation that most closely comports with the literal terms of the policy and hold that the proof of loss requirements, and by extension, the three-year limitation period in policies, commenced upon the termination of the disability as an objective medical act. Two things can terminate it. One can be that the person is no longer disabled. Two, the more probable and the more practical is 90 days after which period of responsibility or disability payment would be due as literally the code. Allstate doesn't sell disability insurance, so I doubt that this thing would have been a disability case. This is a proof of loss case. We can't mischaracterize it to something else. It's a proof of loss case. Nothing starts under this code section until you submit a proof of loss. You're telling the company there's something wrong with you. They then have to investigate and do something. It's that time period that we focus on. It is bizarre to an extent. However, I suggest to you it's a uniform code. It applies to all States. Any carrier knows or should know, knowing all the majority of jurisdictional law here, there's one law department for this company, as far as I'm concerned. I've been there. This company should know what those laws are and to apply them correctly and uniformly. As to the bad faith, Your Honor, there was never an issue in this case. How can we have bad faith if we can't even get by the statute of limitations, for God's sakes? Or the proof of loss issue, whichever way you want to characterize it. Let's get the claim going. Come back, get the claim going, and we'll see what happens on the case. That's the issue. And lastly, one other point. Sometimes, Your Honor, we do in California reach hard decisions. And I just want to close with the Amex case, our unanimous Supreme Court, where it was an imposter that took the health exam. In a life insurance policy, a person died. An imposter did the blood test. And the Court said, after the two years of incontestability, the policy is incontestable. We're sorry. That's the time upon which the company can investigate these things. There are absolute relevant time periods, again, because we're enforcing a mandatory provision that comes to us separate in law from our usual application. We have to look at this separately because it comes from a body of law that's required us to read that in. Counsel, let me ask you this before you conclude. In Martin v. Construction Laborers' Pension Trust, one of our cases. Sounds like an horrific case to me, Your Honor. But it was based upon a disability claim. And we said in that case that once the claim was denied, the statute of limitations began to run. So you're saying that because the insurance code for California is different. Exactly the answer. We've got it exactly. And because the pension trust wouldn't be responsible for those, it was a softball. Thank you, Your Honor. All right. Thank you both very much. The case is staggeringly submitted.
judges: Reinhardt, Fernandez, Rawlinson